IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





WR-38,355-03






Ex parte DAVID LEE LEWIS, Applicant






On Application for a Writ of Habeas Corpus

from Angelina County





 Womack, J., filed a dissenting statement, in which Johnson and Holcomb, JJ,
joined.



 I believe that all Members of the Court agree that the convicting court has made two
problematic findings. In Finding 08, the convicting court found "pursuant to Tex. Health & Safety
Code § 591.003[(16)], that a 'person with mental retardation' means a person determined by a
physician or psychologist licensed in this state or certified by the department to met the stated
definition of mental retardation.'"

 In Finding 15, the convicting court found "that Dr. Richard Garnett [the applicant's expert
witness] is not licensed as a psychologist in the State of Texas, but is a licensed professional
counselor; that he is not licensed to diagnose mental retardation; that he is not certified by the Texas
Department of Mental Health and Mental Retardation to make a diagnosis of subaverage general
intellectual functioning."

 The problem is that the definition of "person with mental retardation" in Section
591.003(16), which requires a determination by a physician or psychologist licensed or certified, is
not part of the definition of mental retardation that is relevant for the Eighth Amendment issue that
was before the convicting court. As the convicting court correctly said in Finding 07, we have held
that the issue is to be determined by the definition of "mental retardation" in Section 591.003(13)
or in the similar definition of the American Association on Mental Retardation. Neither of these
relevant definitions requires "a determination by a physician or psychologist, licensed or certified"
etc.

 This Court deals with the problem by "reject[ing]" the problematic findings. Order, ante, at
2. But where does that get us? Neither of the findings is false, but neither of them should be the basis
of the decision in this case. If the convicting court's conclusions were based on a mistaken belief that
they required a certain expert's determination, then the severance of the findings that refer to such
experts would not cure the mistake. (All the conclusions are based on "§ 591.003," which contains
both the relevant and the irrelevant definitions.)

 I should prefer to remand the matter for the convicting court to revise its findings and
conclusions to state specifically which standard it is using.


Filed December 6, 2006.

Publish.